IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARILYN H. JOHNSON,                )
                                   )
                Plaintiff,         )
                                   )   CIVIL ACTION
v.                                 )
                                   )   No. 03-1195-MLB-JTR
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
                Defendant.         )
_____   )


REPORT AND RECOMMENDATION

Plaintiff's counsel, Mr. David H. M. Gray, filed a motion
(Doc. 50) seeking award of attorney fees in the amount of
$22,619.75 pursuant to the Social Security Act (the Act).  42
U.S.C. § 406(b).  The district court referred the motion to this
court for a Report and Recommendation.  The court recommends that
the Commissioner be ordered to award fees in a reduced amount in
accordance with this opinion.

I.   Background

Plaintiff previously applied for disability insurance
benefits (DIB) and supplemental security income (SSI), and her
applications were denied in a hearing decision dated January 2,
1997.  (R. 15); (Doc. 27, p.2); see also (Doc. 52, Ex. 6).
Plaintiff did not seek review of that decision, but on Oct. 21,

1999 again protectively applied for DIB and SSI alleging an onset date of Jan. 15, 1995. (Doc. 27 at 2). In proceedings before the Commissioner, it was determined that the Jan. 2, 1997 decision constituted <u>res judicata</u> as to disability on or before that date, and the ALJ refused to reopen that decision. <u>Id.</u> at 2-3. This court is without jurisdiction to review that finding. <u>Califano v. Sanders</u>, 430 U.S. 99, 107 (1977).

In a July 26, 2001 decision based upon plaintiff's 1999 applications, the Commissioner determined that plaintiff was disabled beginning Oct. 4, 1999, but that her insured status for DIB ended Dec. 31, 1998. (Doc. 27 at 2-3). Consequently, he found plaintiff eligible for SSI payments effective with her application protectively filed Oct. 21, 1999, but not eligible for DIB at any time. <u>Id.</u> at 3-4; (R. 15-22). Plaintiff subsequently began receiving SSI payments. On June 9, 2003, plaintiff filed a complaint with this court seeking review of the Commissioner's final decision and alleging disability at all times relevant here. (Doc. 1).

On review, this court found the ALJ had erred in evaluating plaintiff's depression, in evaluating the opinions of the state agency consultants, and in evaluating the credibility of plaintiff's allegations, and recommended remand for further proceedings. (Doc. 27, at 11-34, 37). The district court adopted the Report and Recommendation and entered judgment

-2-

accordingly.  (Docs. 28, 29).  Subsequently plaintiff received

attorney fees of $10,106.27 in this case pursuant to the Equal

Access to Justice Act.  (Doc. 48, 49).

On remand in proceedings before the Commissioner plaintiff

amended her onset date to June 1, 1997, (Doc. 52. Ex. 5), and a

decision was made on Mar. 30, 2007 finding plaintiff disabled at

all times since June 1, 1997.  (Doc. 52, Ex. 6).  After that

fully favorable decision, plaintiff received payments for both

SSI and DIB in May, 2007.  (Doc. 52, Ex. 4).  The Social Security

Administration (SSA) determined that plaintiff was not eligible

for SSI payments concurrent with the amount of DIB received, and

SSA sought repayment of the amount overpaid.  Id.

In accordance with the Act and plaintiff's "Agreement for

Representation" with counsel (R. 103), the SSA withheld twenty-

five percent of plaintiff's "past due benefits"[1] pending

counsel's application for a fee.  42 U.S.C. §§ 406(b), 1320a-6.

Counsel did not immediately seek payment of fees in accordance

with the Act, and relations between plaintiff and counsel began

[1]"Past due benefits" are defined as:  the total amount of
benefits payable under Title II (DIB) "that has accumulated
because of a favorable administrative or judicial determination
or decision, up to but not including the month the determination
or decision is made."  20 C.F.R. § 404.1703.  Title II of the Act
provides that the Commissioner may certify for payment to an
attorney a fee of up to twenty-five percent of past due benefits.
42 U.S.C. § 406(b).  There is no comparable provision for payment
of attorney fees out of SSI payments pursuant to Title XVI or the
regulations thereunder.  42 U.S.C. § 1381 et seq.; 20 C.F.R.
§ 416.1503.

-3-

to deteriorate.  After some delay, on Nov. 5, 2007 counsel filed
a motion with this court seeking attorney fees pursuant to
§ 406(b) of the Act.  (Doc. 50).  The government responded,
stating that it has no objection to the award of fees, but asking
the court to determine whether the fee requested is reasonable
pursuant to the Court's ruling in Gisbrecht v. Barnhart, 535 U.S.
789 (2002), and concurring with plaintiff's counsel that the
smaller fee awarded under either § 406(b) or the Equal Access to
Justice Act must be refunded to plaintiff.  (Doc. 51); see
Gisbrecht, 535 U.S. at 796; McGraw v. Barnhart, 450 F.3d 495, 497
n.2 (10th Cir. 2006); Weakley v. Bowen, 803 F.2d 575, 580 (10th
Cir. 1986); see also, 42 U.S.C. 406(b)(2)(misdemeanor to charge,
demand, receive, or collect more than allowed by the Act).

    Counsel replied, noting that plaintiff objects to payment of
the fee, and submitted exhibits detailing the controversy with
plaintiff.  (Doc. 52, Exs. 1 - 6).  Plaintiff, pro se, sought an
extension of time to file objections to the fee award, which the
court granted.  (Docs. 54, 55).  Plaintiff then filed a motion
for a second extension of time in order to seek a court order
appointing counsel to represent her in the fee dispute, and to
file her objections.  (Doc. 56).  The court granted plaintiff's
motion for more time to file objections, but denied time to file
for appointment of counsel, finding it extremely unlikely in the
circumstances that the court would appoint additional counsel to

-4-

represent plaintiff in the fee dispute.  (Doc. 57).  Plaintiff has filed her objections, and counsel has indicated he sees no need for further response.  (Docs. 59, 62).

Plaintiff states that the exhibits attached to counsel's reply are misapprehended and misconstrued by counsel, and makes several allegations against counsel to justify denial of fees. She argues that:  (1) Counsel did not make a timely application to the SSA for attorney fees.  (Doc. 59, pp.2-3).  (2) Plaintiff sought only DIB in Oct. 1999, but counsel improperly applied for both SSI and DIB.  (Doc. 59, p.3). (3) While plaintiff is precluded from the "windfall" of receiving full SSI payments and DIB together, counsel is responsible for the "windfall" and now seeks to obtain attorney fees based upon the full DIB past due benefits although plaintiff began receiving SSI benefits after the July 26, 2001 ALJ decision.  (Doc. 59, p.3).  (4) Finally, plaintiff argues that counsel did not advise her regarding the offset of overpayment, and did not seek a hearing, waiver, or appeal of the offset.  (Doc. 59, p.3).  The Court will address each argument in turn.

## II.  Failure to Make a Timely Fee Application

The Tenth Circuit recently determined that a request for attorney fees pursuant to 42 U.S.C. § 406(b)(1) may be filed in a Social Security case such as this where benefits have been awarded by the Commissioner after a sentence four remand even

-5-

though judgment was entered by the court immediately after
remand. <u>McGraw v. Barnhart</u>, 450 F.3d 495, 496, 503 (10th Cir.
2006). The court held that such fees should be requested
pursuant to Federal Rule of Civil Procedure 60(b)(6). <u>Id.</u>, 450
F.3d at 505. It noted that the request should be filed within a
reasonable time. <u>Id.</u> The court notes that this holding is
consistent with Rule 60(c)(1)'s instruction that a motion under
Rule 60(b) must be made within a reasonable time. Fed. R. Civ.
P. 60(c)(1). Therefore, this court must determine whether
counsel's application for fees was made within a reasonable time.

    The Commissioner's fully favorable decision awarding DIB to
plaintiff was filed Mar. 30, 2007. (Doc. 52, Ex. 6). Counsel
filed his motion seeking attorney fees about seven months later
on Nov. 5, 2007. (Doc. 50). This time seems somewhat long, but
counsel justifies the delay. He states that plaintiff had
questions regarding her benefits and the fee, that telephonic
explanation was not successful, that plaintiff was unable to
schedule an appointment for various reasons and never scheduled
an appointment, and that counsel experienced additional delays in
recovering from surgery. (Doc. 52, pp.2-3). Plaintiff responded
that she did not have any questions about benefits or fees and
counsel should not have delayed. (Doc. 59, p.2). Nonetheless,
plaintiff noted that she has medical conditions requiring
extensive treatment, has unbearable pain, is on various

medications, and that her ability to comprehend or respond is limited.  Id.  She then concluded that counsel "decided not to accommodate her inquiries, and has given his [own] explanation in another context absent these material facts."  Id.  The court notes that it would not be proper for counsel to apply for fees without consulting with plaintiff and attempting to resolve any issues she may have had.  The court views counsel's filing of exhibits detailing the issue of plaintiff's objections as further indication counsel recognized his duty to attempt to resolve the issues personally before bringing them to court.  Therefore, the court finds that the medical condition of plaintiff and her professed inability to comprehend and respond to her counsel's explanations, coupled with counsel's surgery and recovery and the inability of plaintiff and counsel to find an agreeable time for consultation caused the delay in applying for attorney fees.

    Plaintiff argues that the SSA sent a letter to counsel, that counsel failed to timely notify the SSA of his desire to seek award of attorney fees, and that, therefore, funds must be released to plaintiff without payment of fees to counsel.  As counsel noted, the regulations to which plaintiff appeals govern proceedings before the SSA, and award of attorney fees by the court pursuant to 42 U.S.C. § 406(b)(1) are not controlled by those regulations.  Therefore, sanctions pursuant to the regulations, if proper, are the province of the SSA and not of

-7-

the court.   The court finds that the delay in seeking fees from the court, although longer than would usually be necessary, was not unreasonable and will not preclude award of fees pursuant to 42 U.S.C. § 406(b)(1).

**IV.   Improper Application for SSI in Oct. 1999.**

Plaintiff alleges that she "requested Counsel to file for Disability Insurance Benefits on or about October 1999, instead Counsel Filed for both (SSI)." (Doc. 59, p.3).  The record does not support plaintiff's allegations.  The record reveals that plaintiff protectively filed for SSI on Oct. 21, 1999 (R. 779) and filed the SSI application form to back up the protective filing on Dec. 2, 1999.  (R. 780-83).  The SSI application form was signed by plaintiff, personally, on Dec. 1, 1999.  (R. 783). Therefore, while it is possible that plaintiff did not originally desire to file for both DIB and SSI, the record reveals that she followed her attorney's advice and applied for both DIB and SSI. Moreover, the filing was made within one month after plaintiff appointed counsel as her representative (R. 794), suggesting that plaintiff would be likely to follow her attorney's advice at this point in the proceedings.  Further, the "Agreement for Representation," signed by plaintiff on Nov. 3, 1999, authorizes counsel to "act on [plaintiff's] behalf in all matters concerning this claim, including the right to . . . do any other act which in [counsel's] discretion he deems appropriate." (R. 103).

-8-

Filing for both DIB and SSI does not provide a basis to preclude award of attorney fees, or to reduce the fees awarded.

**V.     Failure to Advise or Defend Regarding Overpayment**

Plaintiff claims counsel failed to advise her with regard to the SSA's overpayment and the notice of overpayment of both SSI and DIB in May, 2007, and did not seek recoupment or waiver of the overpayment.  However, plaintiff does not demonstrate any prejudice flowing from the alleged failure.  According to the "Notice of Overpayment" sent to plaintiff, waiver is only available upon a showing both (1) that overpayment was not plaintiff's fault, and (2) that paying back the overpayment would be unfair or would mean plaintiff would be unable to pay her necessary expenses.  (Doc. 52, Ex. 4, p.2).  Plaintiff demonstrates that the overpayment was not her fault, but does not show that paying back the overpayment would be unfair or would mean plaintiff would be unable to pay her necessary expenses.

Plaintiff argues that she was delayed in paying for home improvements because of the pay back, but does not present any evidence or even argue the such home improvement expenses are "necessary expenses" within the meaning of the regulations.  She also argues that paying back the overpayment is unfair, but essentially argues that it is unfair to make her pay back the overpayment when counsel is the reason for the overpayment.

Although plaintiff clearly believes counsel is the reason for the overpayment, there is no evidence counsel caused it.

Plaintiff presents no evidence that payback would be unfair in this case.  In circumstances such as this, where plaintiff received past due benefits at least from Oct. 1998 through Oct. 1999, and the payback was for but a single month overpayment, the court finds plaintiff cannot demonstrate payback would be unfair. Moreover, plaintiff received the SSA's Notice of Overpayment which explains how she might seek waiver or appeal, and she, in fact, sought relief from the agency.  (Doc. 52, Exs. 2 & 4). Therefore, the court finds that counsel's alleged failure to advise or defend does not provide cause to preclude or reduce the award of attorney fees.

**VI.  Counsel Responsibility for "Windfall" of Past Due Benefits Between July 26, 2001 and Mar. 30, 2007**

Plaintiff's brief is not absolutely clear, but she argues that she was receiving benefits "way before 2007," and that although "the 'Windfall program' prohibit[s] . . . receiving both benefits Counsel caused this to occur and now the off set." (Doc. 59, p.3).  Plaintiff made a similar argument in her response to the May 15, 2007 SSA Notice of Overpayment.  (Doc. 52, Ex. 2).  In that response, plaintiff noted that she had received an award of SSI based on the determination that she was disabled when she protectively filed on Oct. 21, 1999, but that the final determination of onset date (made in Mar. 2007) was

-10-

Jun. 1, 1997, and "therefore the controlling factor which controls overpayment is moot." (Doc. 52, Ex. 2, pp.2-3). She concluded, "This result from the delay and untimely ruling has created misproportion [sic] for excessive attorney fees clearly not applicable of requesting 22% from the amount of back pay total amount deduction in the amount payment of $22,619.75 to claimant counse[l]. Clearly responsible for filing and merging both SSI and DIB applications cases on the same date of October 21, 1999." (Doc. 52, Ex. 2, p.3). What the court perceives from these arguments is that plaintiff objects to an attorney fee which is twenty-five percent of all DIB "past due" benefits accrued in Feb. 2007 and earlier. Plaintiff appears to reason that she was earlier determined to be disabled in the July 26, 2001 decision, and received SSI benefits effective Oct. 21, 1999. Therefore, she argues that counsel should only receive twenty-five percent of DIB benefits for that time before Oct. 21, 1999-- the onset date determined in July 2001.

In the Jul. 26, 2001 decision at issue before this court plaintiff was found disabled and awarded SSI payments effective Oct. 21, 1999. When plaintiff filed her complaint in this court, she was already receiving SSI payments and was seeking in essence to get a determination that she was disabled before her insured status expired Dec. 31, 1998. This fact is significant in two respects as relevant to attorney fees for service rendered based

-11-

upon "past due benefits."  First, a determination of disability
onset within plaintiff's period of insured status for DIB would
provide a greater period of past due benefits, consequently
providing greater benefits for plaintiff, albeit somewhat reduced
by the twenty-five percent award to counsel.  Second, an award of
DIB would provide an increased benefit to plaintiff for each
month of disability.  For example, in May, 2007, DIB exceeded SSI
for someone in plaintiff's circumstances by $381.50.  (Doc. 52,
Ex. 4, p.5).

    The determination that plaintiff was disabled on Oct. 21,
1999 was based upon plaintiff's RFC for a range of sedentary work
and turning age fifty on Oct. 4, 1999.  (Doc. 27, p.3)(citing (R.
20-22).  This determination was made on July 26, 2001.  In
accordance with the agreement between plaintiff and counsel,
counsel is entitled to twenty-five percent of all benefits for
June 2001 and earlier.[2]  Consequently, counsel has already earned
a fee of twenty-five percent of all "past due benefits" (as
defined in the "Agreement for Representation") payable between
Oct. 21, 1999 and June 30, 2001.

    Because SSI payments may only be made from the date of
application, after the July 26, 2001 decision plaintiff was only

---

[2]The "Agreement for Representation" states, "past-due
benefits out of which the attorney fee will come include all
past-due benefits going to me and my family under regular Social
Security and Supplemental Security Income (SSI)."  (R. 103).

eligible for SSI benefits back to Oct. 21, 1999.  Plaintiff could receive past due benefits for prior months, and counsel could receive fees for prior months only if it was determined that plaintiff was disabled before her insured status expired Dec. 31, 1998 and was eligible for Title II DIB.  20 C.F.R. §§ 416.202(g), 416.305, 416.501.  Therefore, the only issue upon remand which could affect attorney fees was if plaintiff could establish onset of disability before Dec. 31, 1998 (and before she turned fifty). If counsel could not secure a finding of disability before that date, plaintiff would have no additional past due benefits, and counsel could receive no additional fees based on past due benefits.  That is exactly what happened in this case, the Commissioner determined that plaintiff was disabled beginning Jun. 1, 1997, and plaintiff was awarded Title II past due benefits.  Therefore, the agreement between plaintiff and counsel contemplates that counsel will receive twenty-five percent of all of plaintiff's past due benefits as defined in the "Agreement for Representation" before Jun. 30, 2001.

However, because the decision finding plaintiff eligible for DIB was made in Mar. 2007, the Commissioner computed plaintiff's "past due benefits" as all cumulative Title II benefits payable to plaintiff for Feb. 2007 and earlier, withheld twenty-five percent of that amount pending application for attorney fees, offset all previous SSI payments made, and certified the

-13-

remainder for payment to plaintiff in accordance with the Act.
42 U.S.C. § 1320a-6(a).  It is this attorney fee to which
plaintiff objects, and the court finds it unreasonable.

As discussed above, it is clear that all benefits accrued
before June 30, 2001 are within the scope of "past due benefits"
from which counsels fee may be properly determined.  However, at
all times thereafter through Apr. 2007, plaintiff was receiving
SSI payments.  These payments were being made to plaintiff before
this case was filed, and were being made during the time period
during which plaintiff and counsel were considering whether it
was appropriate to file this case.  Moreover, counsel as an
experienced attorney in Social Security cases should have been
aware that (at least potentially) the amount of DIB payable to
plaintiff would preclude payment of additional amounts of SSI
during the same period, and that the previously paid SSI payments
would be offset against amounts payable to plaintiff as DIB
benefits.  Therefore, absent clear evidence from counsel, the
court finds that it cannot have been within plaintiff's
understanding that she would pay a fee to counsel which would
include amounts equivalent to twenty-five percent of her monthly
SSI payments between July 2001 and Apr. 2007.  Moreover, such an
agreement would be unreasonable.

This is not to say that the basis of counsel's fee should
not include any amounts for increased income to plaintiff after

-14-

June 30, 2001.  As discussed above, plaintiff's DIB amount after June 30, 2001 is greater than the amount of SSI payment she was receiving during that time.  This increased amount, through Feb. 28, 2007 is clearly a part of the "past due benefits" which accrued to plaintiff through counsel's efforts in seeking review of the July 26, 2001 decision and in the proceedings before the Commissioner on remand, and it is reasonable to provide an attorney fee based upon this increased benefit.

The court finds that claiming as an attorney fee twenty-five percent of all "past due benefits," relating to all DIB accrued in Feb. 2007 and earlier as defined in the regulations, is not reasonable in the circumstances of this case.  The court finds that the gross amount of counsel's attorney fee should be calculated by taking (1) all DIB actually accrued to plaintiff between June 1, 1997 and June 30, 2001 and (2) adding thereto the past due DIB accrued to plaintiff for the months between July 1, 2001 and Feb. 28, 2007 reduced by all SSI payments made for those same months, and (3) taking twenty-five percent of the total of the amounts determined in (1) and (2).  Therefore, the court recommends that the Commissioner be instructed to calculate the attorney fee in accordance with (1), (2), and (3) above, to pay Mr. Gray accordingly subject to 42 U.S.C. § 406(b) & (d), and to release all of the remaining funds to plaintiff.  Moreover, the court recommends that counsel be allowed only the reduced amount

-15-

described above as a reasonable attorney fee pursuant to 42 U.S.C. § 406(b)(1), and that counsel be instructed to remit to plaintiff the lesser of (a) the EAJA fee paid to counsel or (b) the amount paid as an attorney fee pursuant to the instructions above.

**IT IS THEREFORE RECOMMENDED** that the Commissioner be ordered to calculate an attorney fee in accordance with (1,) (2,) and (3) above; to pay Mr. Gray accordingly subject to the requirements of 42 U.S.C. § 406(b) & (d); and to release all of the remaining funds to plaintiff.

**IT IS FURTHER RECOMMENDED** that Mr. Gray be ordered to pay to plaintiff the lesser of, (a) the EAJA fee paid to counsel ($10,106.27) or, (b) the amount paid to counsel as an attorney fee pursuant to the instructions above.

Copies of this recommendation and report shall be delivered to plaintiff and to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties or plaintiff's counsel may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

-16-

Dated this 21st day of April 2008, at Wichita, Kansas.


s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**